Good morning, your honors. Mr. Nicolosi, my name is Santiago Durango. I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent the defendant appellant in this appeal, Ignacio Jacobo. Today, your honors, I will be asking the court to remand this post-conviction appeal for second stage proceedings because there was no order dismissing the defendant's post-conviction petition in the trial court. What happened in this case is that in 2005, a house in Joliet was firebombed. The ensuing fire killed a mother and her daughter. The defendant was charged in part with their murders by accountability, and he was found guilty of those murders. His convictions were affirmed by this court in direct review. Thereafter, he filed a post-conviction petition that underlies this appeal. He filed the petition on December 6, 2013. On December 18, the court noted on the record that the petition had been filed, and that due to its length, it was putting the matter over to February 5, 2014, so that it would have time to review the petition. Twenty-one days later, on January 7, 2014, the court, if I may back up, on December 18, the court orally stated that it was putting the matter over to February 5. However, the docket entry for that date states that the petition had been denied. On January 7, the clerk sent the defendant a notice of adverse judgment, which apparently did not have a dismissal order attached to it. On January 30, the defendant filed a motion to vacate the supposed dismissal of his petition, and on February 4, the court denied that motion. The defendant subsequently appealed. Under these circumstances, there was never a dismissal of his petition in the trial court because there was no pronouncement from the court dismissing his petition. The state argues that it was the docket entry of December 18 saying the petition was denied, that it was a dismissal order. But that argument is not persuasive for two reasons. First, a docket entry is not considered a final judgment, and second, the docket entry conflicts with the judge's oral pronouncement that he was continuing the matter to February 5, and it's the judge's oral pronouncement that controls, not the docket entry. The only other order that was entered in this case was the order denying the defendant's motion to vacate the supposed dismissal of his petition. That order on its face is not a dismissal of the petition. Under these circumstances, your honors, I would ask that the court remand this cause to the trial court for a second stage proceeding because the defendant's petition was never dismissed in the trial court. If the court has any questions, I would be happy to answer them. That is the instance on my argument today. If it doesn't sound like it, please have at it. Thank you very much. Thank you, your honors. Mr. Nicolosi. Good morning, your honors. May it please the court, counsel. I will be pretty brief as well. The people in the brief cite People v. Porter, a 1988 Supreme Court case for the proposition that even though the statute 2.1A requires a written dismissal order, Porter in 1988 of the Supreme Court said that, and I quote, it is not mandatory, however, that the order dismissing the petition be written or that it specify findings of fact and conclusions of law, end quote. Where is there a dismissal order of any kind? There wasn't, your honor. There wasn't a physical dismissal order, but the people would submit, and I stand by Porter that says a dismissal doesn't need to be written. There was no oral dismissal. That didn't occur either, but the fact of the matter is, I think the record is clear that the judge intended to dismiss this petition as evidenced by the hearing on February 4th when he denied the defendant's motion to vacate. I think it was clear at that point that the judge did intend to dismiss the petition as the documentary reflects that he did intend to dismiss this petition at that point. So you want us to affirm his intent? Well, your honor, no, but I think what the judge's intent was, all that matters is if the judge intends to dismiss the petition, that the defendant be notified of that dismissal so he's able to use his appeal rights. And in this case, the motion to vacate was denied within the 90 days, and the defendant knew that this denial of his motion to vacate occurred, and he was able to appeal within 30 days, which he actually did. The people submit, certainly the procedure was a little odd in this case, to put it mildly. But the fact of the matter is, the judge intended to dismiss this petition, and the defendant had the chance to appeal. The people would submit that. I guess I don't know what else would be required besides, you know. What about a concession of error? Your honor, I don't know if a concession of error is appropriate here, because again, Porter says that the dismissal of the petition does not need to be written, and again, practically speaking. Let me just say, isn't it implicit in that is that, well, if there's an oral dismissal, that could be good enough? Sure, sure. Well, where's the oral dismissal? That doesn't exist in this case either, Judge. Yeah, I understand. I'm fighting an uphill battle here. But I think the fact of the matter is that the record does reflect that the judge did intend to dismiss the petition, and the defendant was aware of this and had yet the chance to appeal. I think, practically speaking, that's... When did the 90 days run? Approximately March 6th, 5th, something to that effect. So, your honors, I guess I will stand on my brief and my meager arguments here. If there are any other questions, I would be happy to answer them. Thank you, Mr. Gromgo. Mr. Gromgo, any rebuttals? Thank you, your honor. Just briefly, the Supreme Court in Peres made it clear that an oral dismissal was not enough. You need some sort of pronouncement, written order. Justice Schmidt, you are correct. There was no oral dismissal in this case. There's nothing in this record showing that the judge found the petition was patently frivolous. What are we to make of the February 4th order where he... It was just a... The judge, first of all, that order went just to the motion to vacate. The supposed dismissal. It did not go to the petition itself. There's nothing in the record saying that the judge was dismissing the petition as frivolous and patently without merit. Did the state's attorney tell him that he had already dismissed it? Yes, and that appears to have been an error. The docket entry itself appears to be an error. The docket entry states that the petition had been denied. That is not language that a judge would use. A judge would say the petition was dismissed. I don't know why the docket entry, which conflicts with the judge's oral pronouncement, was made. But it does not reflect what a judge would say in dismissing a petition. There's nothing in the record to show that the judge ever reviewed the petition, which would be a requirement before an order dismissing or moving the petition to the second stage would occur in the case. There's just simply nothing clear in the record to show that the judge dismissed the petition. Wouldn't it be clear to anybody at least after February 4th that this petition is dead in the water, it's not going to the second stage, so I better do something. In other words, I better appeal this. The defendant did file the notice of appeal, but it's all based on a misunderstanding in this case. A misunderstanding that the petition had been dismissed, but again, there's nothing in the record to show there was a final judgment in this case. I'm not sure that this court even has jurisdiction over this appeal, because there's no final judgment in this case. So one option available to the court is to remand this case for further proceedings, second stage proceedings, due to the fact that the court lacks jurisdiction because there was no final judgment in this case. The court has no further questions. Thank you, Your Honor. Thank you, Mr. Secretary. We will take this matter to your advisement. In fact, you were the witness to this petition that was initially dead. We will now take a short recess for the panel. All rise. This court is adjourned in recess.